**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| MYESHA PRATHER, individually and on behalf of classes of similarly situated individuals, | ) ) ) ) | |
| *Plaintiff*, | ) ) | No. |
| v. | ) ) | |
| WELLS FARGO BANK, N.A., | ) ) | Judge: |
| *Defendant*. | ) ) | |

## CLASS ACTION COMPLAINT

Plaintiff Myesha Prather ("Plaintiff") brings this class action complaint against Wells Fargo Bank, N.A. ("Wells Fargo") to stop Defendant's practice of placing unauthorized automated text messages and telephone calls featuring a prerecorded or artificial voice to consumers, and to obtain redress for all persons injured by its conduct. Plaintiff alleges as follows upon personal knowledge as to herself and her own acts and experiences and, as to all other matters, upon information and belief including investigation conducted by her attorneys.

## NATURE OF THE ACTION

1.     In an effort to advance its nationwide consumer credit and banking business, Wells Fargo, a provider of banking and financial services to millions of customers throughout the country, violated federal law by making unauthorized automated text messages and telephone calls featuring a prerecorded or artificial voice (together "robocalls") to the cellular telephones of individuals throughout the nation.

2.     By effectuating these unauthorized robocalls, Defendant has violated the called parties' statutory rights and has caused the call recipients actual harm, not only because the called parties were subjected to the aggravation and invasion of privacy that necessarily

accompanies unsolicited automated calls – particularly calls using a prerecorded or non-human artificial voice – but also because the called parties, like Plaintiff, must frequently pay for the calls they receive or incur a usage allocation deduction from their calling plans, notwithstanding that the calls were made in violation of specific legislation on the subject.

3.      In order to redress these injuries, Plaintiff, on behalf of herself and two nationwide classes, brings suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA"), which protects the privacy right of consumers to be free from receiving unauthorized text messages and telephone calls featuring a prerecorded or artificial voice.

4.      On behalf of the proposed classes, Plaintiff seeks an injunction requiring Defendant to cease all unauthorized text messages and telephone calls featuring a prerecorded or artificial voice and an award of actual and statutory damages to the class members, together with costs and reasonable attorneys' fees.

## PARTIES

5.      Plaintiff is a natural person and a citizen of Nevada.

6.      Defendant Wells Fargo is a national banking association that provides banking and financial services and products to millions of consumers and businesses throughout the country, including online and mobile personal banking.  Defendant's principal place of business is located in South Dakota.

## JURISDICTION AND VENUE

7.      This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as the action arises under the federal Telephone Consumer Protection Act, 47 U.S.C. § 227.

8.       Venue is proper in this District pursuant to 28 U.S.C. 1391(b) because Defendant conducts business in this District; because Defendant is registered to do business in this District;

and because a substantial part of the events concerning the conduct at issue occurred in this District, as certain of the unauthorized voice and text calls originated from phone numbers utilized by Defendant in this District.

## COMMON ALLEGATIONS OF FACT

9.     Defendant is the third largest bank in the United States and a provider of a variety of financial services to consumers and businesses located in Illinois, and elsewhere throughout the country.

10.     As an ordinary business practice, Defendant collects the telephone numbers of its customers upon the opening of an account and which are then used going forward as part of its automated calling operation for the purposes of collecting on delinquent accounts, soliciting additional products and services, and sending automated notification reminders.  Defendant's calling operation uses an automated telephone dialing system to send text messages for such purposes and places calls featuring a prerecorded or artificial voice.

11.     In an effort to reduce costs associated with maintaining its automated calling operation, Defendant has failed to implement procedures necessary to confirm that the telephone numbers to which Defendant places automated text messages and phone calls actually belong to the customers who have supposedly provided them to Defendant.

12.     As a consequence, many of the telephone numbers Defendant receives in connection with its calling operation are inaccurate, or have become inaccurate, and result in Defendant routinely placing text message and prerecorded or artificial voice calls to the cellular telephones of individuals who have never provided consent to be called by Defendant.

13.     In addition to being an aggravating invasion of privacy – especially phone calls featuring an artificial or prerecorded voice – unsolicited automated telephone calls can actually

3

cost recipients money because called parties such as Plaintiff must frequently pay their cellular telephone service providers for the calls and text messages they receive or incur a usage allocation deduction to their cell phone plan, regardless of whether the call is authorized.

14.     For instance, on or about July 29, 2016, in an apparent effort to contact a previous Wells Fargo customer for the purpose of providing a notification about their account activity, Defendant sent Plaintiff's cellular telephone the following unauthorized text message:

> Wells Fargo detected unusual activity on card ending 2636 Reply YES VIEW to enroll & get details or STOP VIEW to be called. Carrier Msg & data rates may apply.

15.     In the text message transmission that Plaintiff received, the "from" field was identified as "93557," which is an abbreviated telephone number known as an SMS short code operated by Defendant's agents.  The use of an SMS short code by Defendant's agents enabled Defendant's mass transmission of unauthorized text messages to lists of cellular telephone numbers.

16.     Shortly after receiving the above unauthorized text message call, Plaintiff received three additional text message notifications on her cellular telephone.  Each of these text messages was sent automatically and instantaneously by Defendant though the use of an automatic telephone dialing system from the short code 93557.

17.     In addition, shortly after receiving the above text message call, Plaintiff repeatedly had her privacy invaded by Defendant, and received at least an additional six calls on her cellular telephone from Defendant that featured an artificial or prerecorded voice and attempted to notify her of activity on an account that she had never opened.

18.     Plaintiff is not now, nor ever has been, a customer of Defendant and at no time did Plaintiff provide Defendant with consent to receive any text messages or telephone calls, including any prerecorded or artificial voice calls, from Defendant.

4

19.     The unauthorized text message and prerecorded or artificial voice calls that Plaintiff received invaded her privacy, forced her to spend hours investigating their source, repeatedly interfered with her use of her cellular telephone, and took up memory storage on her cellular telephone.

## CLASS ACTION ALLEGATIONS

20.     Plaintiff brings this action on behalf of herself and two nationwide Classes defined as follows:

i) The Voice Call Class: All persons in the United States and its territories who, within four years prior to the commencement of this litigation, received one or more telephone calls on their cellular telephone from Defendant featuring a prerecorded or artificial voice where the called party was not the same individual who, according to Defendant's records, provided the phone number to Defendant.

ii) The Text Message Class: All persons in the United States and its territories who, within four years prior to the commencement of this litigation, received one or more text message notifications from Defendant where the called party was not the same individual who, according to Defendant's records, provided the phone number to Defendant.

21.     Plaintiff will fairly and adequately represent and protect the interests of the other members of the Classes.  Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions.  Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the other members of the Classes, and have the financial resources to do so.  Neither Plaintiff nor her counsel has any interest adverse to those of the other members of the Classes.

22.     Absent a class action, most members of the Classes would find the cost of litigating their claims to be prohibitive and would have no effective remedy. The class treatment of common questions of law and fact is superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants, and promotes consistency and efficiency of adjudication.

23.     Defendant has acted and failed to act on grounds generally applicable to the Plaintiff and the other members of the Classes, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes, and making injunctive or corresponding declaratory relief appropriate for the Classes as a whole.

24.     The factual and legal bases of Defendant's liability to Plaintiff and to the other members of the Classes are the same, resulting in injury to the Plaintiff and to all of the other members of the Classes. Plaintiff and the other members of the Classes have all suffered harm and damages as a result of Defendant's unlawful and wrongful conduct.

25.     Upon information and belief, there are hundreds, if not thousands, of members of the Classes such that joinder of all members is impracticable.

26.     There are many questions of law and fact common to the claims of Plaintiff and the other members of the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not limited to, the following:

(a)     Did Defendant systematically place calls using a prerecorded or artificial voice to persons who did not previously provide Defendant with consent to call their respective cellular telephone numbers?

6

(b)      Did Defendant systematically send automated text message notifications to persons who did not previously provide Defendant with consent to call their respective telephone numbers?

(c)      Did the calls made by Defendant using a prerecorded or artificial voice violate the called parties' respective rights to privacy?

(d)      Did the text message notifications sent by Defendant violate the called parties' respective rights to privacy?

(e)      Was Defendant's conduct in violation of the TCPA willful such that the members of the Class are entitled to treble damages?

(f)      Should Defendant be enjoined from continuing to engage in such conduct?

## COUNT I
### Violation of Telephone Consumer Protection Act (47 U.S.C. 227) on behalf of the Classes

27.      Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

28.      Defendant made unsolicited and unauthorized telephone calls using a prerecorded or artificial voice to the cellular telephone numbers of Plaintiff and the other members of the Voice Call Class without obtaining their prior express consent.

29.      Defendant made unsolicited and unauthorized text message calls using an automatic telephone dialing system to the telephone numbers of Plaintiff and the other members of the Text Message Class.  These text message calls were made *en masse* using a short code and equipment that had the capacity at the time the calls were placed to store or produce telephone numbers to be called using a random or sequential number generator and to automatically dial such numbers without human intervention.  These text message calls were made without the prior express consent of Plaintiff and the Text Message Class.

30.      Defendant has, therefore, violated the TCPA, 47 U.S.C. §227(b)(1)(A)(iii).

7

31.     As a result of Defendant's illegal conduct, the members of the Classes have had their privacy rights invaded and have suffered actual and statutory damages and, under 47 U.S.C. §227(b)(3)(B), are each entitled, inter alia, to a minimum of $500.00 in damages for each such violation of the TCPA.

32.     To the extent the Court should determine that Defendant's conduct was willful and knowing, and the Court may, pursuant to §227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and the other members of the Classes.

WHEREFORE, Plaintiff, on behalf of herself and the Classes, prays for the following relief:

A.     An order certifying the Classes as defined above;

B.     An award of the greater of actual and statutory damages;

C.     An injunction requiring Defendant to cease all unauthorized automated telephone activities;

D.     Pre-judgment interest from the date of filing this lawsuit;

E.     An award of reasonable attorneys' fees and costs; and

F.     Such further and other relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiff requests trial by jury of all claims that can be so tried.

Dated:  January 20, 2017

Respectfully submitted,
MYESHA PRATHER, individually and on behalf of classes of similarly situated individuals

By: /s/ Eugene Y.Turin
      One of Plaintiff's Attorneys

8

Evan M. Meyers
Eugene Y. Turin
MCGUIRE LAW, P.C.
55 W. Wacker Dr., 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
Fax: (312) 275-7895
emeyers@mcgpc.com
eturin@mcgpc.com