# Exhibit B

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| JOSEPH DUNN, HELEN IEHL, ALBERT PIETERSON, JOHN HASTINGS, WINDIE BISHOP, LISA BARNES, ANGELA GARR, and MYESHA PRATHER individually and on behalf of a class of similarly situated individuals, | ) ) ) ) ) ) | No. 17-cv-00481 |
| *Plaintiffs*, | ) ) ) | |
| v. | ) ) ) | Hon. Manish S. Shah |
| WELLS FARGO BANK, N.A., | ) ) ) | |
| *Defendant*. | ) | |

**DECLARATION OF DANIEL C. GIRARD IN SUPPORT OF PLAINTIFFS'
*UNOPPOSED* MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT**

I, Daniel C. Girard, hereby declare under penalty of perjury:

1.     I am a partner with the law firm Girard Sharp LLP, and Interim Co-Lead Counsel for Plaintiffs and the putative class in *Pieterson v. Wells Fargo Bank, N.A.*, No. 3:17-cv-02306-EDL and counsel for Angela Garr in *Garr v. Wells Fargo Bank, N.A.*, No. 3:18-cv-06997-EDL. I make this declaration based on personal knowledge. If called to do so, I could and would testify to the matters stated herein.

2.     I submit this declaration in support of Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement.

**Background of the Litigation and Girard Sharp's Involvement to Date**

3.     On January 20, 2017, *Prather v. Wells Fargo Bank, N.A.*, No. 17-cv-00481 (N.D. Ill.), was filed in the Northern District of Illinois on behalf of non-customers who received checking account related fraud alert texts and prerecorded messages. *See Prather* Am. Compl., Dkt. No.19; Quaile Decl. In Support of Def.'s Mot. to Stay, ¶¶ 7-8 (Wells Fargo dialed the telephone number at issue in an attempt to contact a Wells Fargo checking account holder),

Dkt. No. 41-1. The class in *Prather* is defined to include persons who received calls to their cellphone featuring a prerecorded or artificial voice or text messages "where the called party was not the same individual who provided the phone number" to Wells Fargo. *Prather Am. Compl.*, Dkt. No. 19.

4.      On April 25, 2017, *Pieterson v. Wells Fargo Bank, N.A.*, No. 17-2306 (N.D. Cal.), was filed in the Northern District of California on behalf of a proposed class of non-customers who received autodialed or prerecorded credit card debt collection calls from Wells Fargo. *Pieterson* Compl., Dkt. No. 1; *see also Pieterson* Am. Compl., Dkt. No. 36.

5.      On June 24, 2017, *Hastings v. Wells Fargo Bank, N.A.*, No. 17-cv-3633 (N.D. Cal.), was filed in the Northern District of California, on behalf of a putative class of consumers who received auto-dialed collection calls from Wells Fargo. *Hastings* Compl., Dkt. No. 1. The original complaint was later amended to allege credit card calls only. *Hastings* Am. Compl., Dkt. No. 26.

6.      Judge Laporte deemed *Pieterson* and *Hastings* related on August 3, 2017. *Pieterson* Dkt. No. 37. The actions were consolidated on November 8, 2017. *Pieterson* Dkt. No. 65.

7.      On September 26, 2017, Judge Laporte appointed Girard Sharp LLP and Lieff Cabraser Heimann & Bernstein LLP to serve as Interim Class Counsel in *Pieterson* for a class comprised of non-customers of Wells Fargo who received debt collection calls related to credit card accounts. *Pieterson*, Dkt. No. 56 at 1.  The court directed *Pieterson* Class Counsel, among other things, to coordinate and conduct class discovery, to present argument to the court on all pre-trial matters, and to conduct settlement negotiations on behalf of class members.  *Id.*

8.      At all times, *Pieterson* Class Counsel prosecuted this matter as ordered by the court and took the following steps:

### *Pieterson* Discovery

9.      On June 21, 2017, *Pieterson* Class Counsel served over 40 early Rule 34 Requests on Wells Fargo. These requests sought discovery into numerous topics, including Wells Fargo's

2

procedures for ensuring compliance with the TCPA, its procedures for processing opt-out requests, and the bank's dialing equipment.

10.     On August 8, 2017, *Pieterson* Class Counsel served 20 interrogatories on Wells Fargo, seeking, among other information, the number of unique cellular telephone numbers to which it had placed an autodialed or prerecorded credit-card debt collection calls, and the total number of calls placed to each unique cellular telephone number.

11.     On January 17, 2018, *Pieterson* Class Counsel served a second set of document requests, seeking records of all telephone numbers Wells Fargo had flagged with a wrong number code, including call record information reflecting the dates and times calls were made and any associated dialer reports, account memos or notations within Wells Fargo's system of record.

12.     On May 24, and July 27, 2018, *Pieterson* Class Counsel moved to compel Wells Fargo to produce call data showing the calls made to the members of the proposed *Pieterson* class. *Pieterson* Dkt. Nos. 92, 117. *Pieterson* Class Counsel also moved to compel Wells Fargo to produce documents relevant to whether Wells Fargo's alleged TCPA violations were knowing or willful. *Pieterson* Dkt. No. 118. On August 8, Judge Laporte ordered Wells to produce responsive documents and a sample of its call records, including dialer logs, account applications, and account notes.  *Pieterson* Dkt. No. 123. *Pieterson* Class Counsel then moved to compel compliance with the court's August 8 discovery order. *Pieterson* Dkt. 157. On December 6, 2018, Judge Laporte ordered Wells Fargo to produced unredacted versions of certain documents Wells Fargo had produced in redacted form. *Pieterson* Dkt. 160.

13.     *Pieterson* Class Counsel reviewed over 4,000 pages of documents produced by Wells Fargo during fact discovery and engaged experts to review call data and technical documents.

14.     *Pieterson* Class Counsel deposed four Wells Fargo employees, including Mike Nunn, a Vice President & Collections Manager, on November 3, 2017, Jacob Mou, an Analytics Manager, on July 2, 2018, Ravi Abraham, a Senior Vice President and Analytics Manager, on August 31, 2018, and Mike Burrows, a Technology Manager overseeing Wells Fargo's outbound

dialing equipment, on August 24, 2018. Topics covered included the specifications and functionality of Wells Fargo's dialing equipment, the policies and procedures governing the use of that equipment, the number of calls placed to members of the proposed *Pieterson* class, the factual bases for Wells Fargo's affirmative defenses, and the call data Wells Fargo produced in the case.

15.     *Pieterson* Class Counsel responded to Wells Fargo's written discovery requests, including requests for admission, document requests, and interrogatories served on Plaintiffs Pieterson and Hastings.  Pieterson and Hastings appeared for deposition in August 2018.

16.     *Pieterson* Class Counsel conducted extensive expert discovery. On October 15, 2018, the parties in *Pieterson* exchanged initial expert reports. Each side disclosed an autodialer expert and a data analysis expert. On November 8, 2018, Judge Laporte denied an attempt on the part of Wells to strike the report of Pieterson's data analysis expert. *Pieterson* Dkt. Nos. 133, 148. *Pieterson* Class Counsel reviewed nearly 10,000 pages of documents produced by Wells' experts and deposed them on November 9 and 12. On November 2 and December 4, *Pieterson* Class Counsel defended the depositions of the *Pieterson* plaintiffs' experts.

17.     In *Pieterson*, fact and expert discovery are now closed. *Pieterson* Dkt. Nos. 89, 130.

### *Pieterson* Motions Practice and Settlement Negotiations

18.     *Pieterson* plaintiffs successfully opposed Wells Fargo's motion to stay the case pending further guidance from the Federal Communications Commission and the Ninth Circuit's opinion in *Marks v. Crunch San Diego*, No. 14-56834 (9th Cir.). *Pieterson* Dkt. Nos. 90, 94. Judge Laporte denied the motion to stay on July 2, 2018. *Pieterson* Dkt. No. 109.

19.     *Pieterson* plaintiffs filed a motion for class certification on November 16, 2018 that is now fully briefed. Dkt. Nos. 153, 167, 186. Wells Fargo's *Daubert* motion to exclude the testimony of Pieterson's expert Anya Verkhovskaya is also fully briefed. Dkt. Nos. 171, 188.

20.     On January 14, 2019, *Pieterson* plaintiffs moved to coordinate the *Pieterson* proceedings with the proceedings in this matter, a motion Wells Fargo opposed. *Pieterson* Dkt. No. 189, 199. On February 8, Judge Laporte granted that motion in part. *Pieterson* Dkt. No. 214.

Following the Court's order, *Pieterson* Class Counsel met in person with counsel in *Prather* and worked with them to reach a global settlement. The parties in *Pieterson* had previously participated in mediation with mediator Hunter Hughes on September 13, 2018. The parties did not reach a settlement. Thereafter the parties in *Pieterson* agreed to resume mediation on January 8, 2019.

### *Girard Sharp's Relevant Experience*

21.     Founded in 1995, Girard Sharp was distinguished as a National Tier 1 law firm for class action litigation in the 2013-2016 "Best Law Firms" lists, an annual survey published in U.S. News & World Report. The *National Law Journal* previously named Girard Sharp to its "Plaintiffs' Hot List," a selection of top plaintiffs' firms recognized for high-profile victories. The firm has repeatedly been appointed to leadership positions by federal and state courts in a variety of substantive legal contexts. Attached as **Exhibit A** is the firm's resume, which provides further information about the firm's relevant experience.

22.     I have specialized in class actions since 1988, and have litigated many consumer class actions throughout my nearly 30 years of advocacy for plaintiffs. I have successfully represented plaintiffs in a range of cases including telecommunications, securities, corporate governance, antitrust, and civil rights. Some representative cases in which I served in a leadership capacity include:

- *In re Peregrine Financial Group Customer Litig.*, No. 12-cv-5546 (N.D. Ill). Co-lead counsel representing commodities investors in a lawsuit against U.S. Bank and JPMorgan Chase arising from the collapse of Peregrine Financial Group, Inc. The former Peregrine customers alleged that both banks breached legal duties by knowingly assisting Peregrine's owner, Russell Wasendorf, to withdraw millions of dollars from customer fund accounts and put it to non-customer use. Despite the difficulty of establishing a bank's liability to non-depositors, the plaintiffs' efforts led to settlements with JPMorgan Chase and U.S. Bank of over $75 million.

- *In re Lehman Brothers Equity/Debt Sec. Litig.*, No. 08-Civ-5523 (S.D.N.Y.). Girard Sharp served as court-appointed lead counsel for a certified class of retail investors in structured products sold by UBS Financial Services, Inc. The case followed the collapse of Lehman Brothers Holdings, Inc.—the largest bankruptcy in U.S. history. The plaintiffs alleged that UBS misrepresented Lehman's financial condition and failed to disclose that the "principal protection" feature of many of the notes depended upon Lehman's solvency. Girard Sharp negotiated a $120 million settlement.

- *Billitteri v. Securities Am., Inc.,* No. 3:09-cv-01568-F (N.D. Tex.). Girard Sharp served as lead counsel in an action brought by investors in a failed investment scheme. Girard Sharp coordinated settlement negotiations with bankruptcy trustees and competing plaintiff groups, resulting in a global $150 million settlement. In approving the settlement, U.S. District Judge W. Royal Furgeson wrote: "Class counsel in this case possess great competence and experience, and the result reached in this case perfectly exemplifies their abilities. The Court has been extremely impressed with the conduct, skill, and accomplishment of class counsel throughout this litigation." 2011 WL 3585983, at *8 (N.D. Tex. Aug. 4, 2011).

- *Corona v. Sony Pictures Entertainment, Inc.,* No. 2:14-cv-09600-RGK (C.D. Cal.). Girard Sharp served as co-lead counsel in this action arising out of the cyberattack against Sony Pictures attributed to North Korean operatives. I took a lead role in settlement negotiations. The Honorable Gary Klausner approved a class-wide settlement in April 2016 [ECF 165].

- *In re H&R Block Express IRA Litig.*, MDL No. 1786, No. 4:06-md-1786 (W.D. Mo.). Girard Sharp served as co-lead counsel on behalf of consumers who invested in H&R Block retirement accounts and were assessed inadequately disclosed fees. The case settled in coordination with an action by the New York Attorney General and recovered $19.5 million, with consumers receiving full refunds of all fee payments with interest.

- *Mitchell v. American Fair Credit Assoc.*, No. 785811-2 (Cal. Super. Ct. Alameda County); *Mitchell v. Bankfirst, N.A.*, No. C-97-1421-MMC (N.D. Cal.). Girard Sharp served as lead counsel in a predatory lending class action that resulted in a settlement valued at over $40 million in refunds, elimination of adverse credit references, and debt forgiveness.

- *Paeste v. Government of Guam*, No. 1:11-cv-00008 (D. Guam). Lead attorney in class action on behalf of Guam taxpayers for chronic late payment of Guam Territorial Income Tax refunds. Court entered comprehensive injunction and declaratory relief in favor of plaintiff on plaintiffs' motion for summary judgment. District Court order affirmed at 798 F.3d, 1128, 1134 (9th Cir. 2015), cert. denied.

- *Daccache v. Raymond James Financial, Inc.* Girard Sharp served as a member of the Steering Committee in an action brought on behalf of victims of the Jay Peak investment fraud—the largest in the history of the EB-5 visa program. Partial settlement for $150 million. *Daccache v. Raymond James Financial, Inc.*, No. 16-cv-21575 (S.D. Fla.).

- *In re American Express Financial Advisors Securities Litigation*, Case No. 04-cv-01773-DAB (S.D.N.Y.). Lead counsel in a class action on behalf of individuals who bought financial plans and invested in mutual funds from American Express Financial Advisors. The case alleged that American Express steered its clients into underperforming "shelf space funds" to reap kickbacks and other financial benefits. Settled for $100 million.

23.     I have been recognized by the federal judiciary for my expertise in class actions and complex litigation. Chief Justice John G. Roberts appointed me to the United States Judicial Conference Standing Committee on Rules of Practice and Procedure, effective October 1, 2015 and reappointed me for a second term in 2018. I served on the Advisory Committee on Civil Rules from 2004 to 2010. On several occasions, I have served as a member of the faculty for Federal Judicial Center training programs on class actions and case management. I serve on the Council of the American Law Institute and the Advisory Board for the Duke Law School Center for Judicial Studies. From 2008 to 2016, I served on the advisory board of the Institute for the Advancement of the American Legal System.

24.     Girard Sharp LLP has vigorously prosecuted *Pieterson* on a contingency-fee basis since April 2017. My firm has not been reimbursed for any of the billable time or out-of-pocket costs advanced to bring this matter to a successful outcome for all plaintiffs and members of the proposed settlement class.

*   *   *

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 14th day of June 2019 at San Francisco, California.

By: */s/ Daniel C. Girard*
Daniel C. Girard

7

<u>Exhibit A</u>



# Firm Resume

Girard Sharp is a national litigation firm representing plaintiffs in class and collective actions in state and federal courts, and in arbitration matters worldwide. The firm serves individuals, institutions and business clients in cases involving consumer protection, securities, antitrust, personal injury, whistleblower and employment laws. We are committed to achieving favorable results for all of our clients in the most expeditious and economical manner possible.

Our clients range from consumers and small businesses to Fortune 100 corporations and public pension funds. We have recovered over a billion dollars on behalf of our clients in class actions and non-class cases. In addition to litigation, our firm provides consulting and strategic counseling services to institutional clients and professionals in securities litigation, corporate governance and international business matters. Like our diverse clientele, Girard Sharp attorneys come from varied backgrounds, and we are committed to a culture of meaningful inclusion.

Girard Sharp has been distinguished as a Tier 1 law firm for plaintiffs' mass tort and class action litigation in the "Best Law Firms" list in the survey published in *U.S. News & World Report*. *The National Law Journal (NLJ)* has named the firm to its elite "Plaintiffs' Hot List," a selection of top U.S. plaintiffs' firms recognized for wins in high-profile cases. In 2019, Girard Sharp was also recognized as an *NLJ* Elite Trial Lawyers finalist in the areas of consumer protection, insurance liability, pharmaceutical litigation, and products liability.

Eight of the firm's attorneys have been selected as Northern California Super Lawyers and Rising Stars. Two of the firm's senior attorneys, Daniel Girard and Michael Danko, have been recognized among the "Top 100 Super Lawyers" in Northern California, and were selected by their peers for *The Best Lawyers in America* 2012–2017. *Best Lawyers* also designated Mr. Girard as the 2013 "Lawyer of the Year" in San Francisco for class action litigation. Mr. Girard has an *AV-Preeminent* rating from Martindale-Hubbell, placing him in the highest class of attorneys for professional ethics and legal skills.

**Partners**
| | | |
|---|---|---|
| | *Daniel Girard* | *p. 2* |
| | *Dena Sharp* | *p. 4* |
| | *Adam Polk* | *p. 4* |
| | *Jordan Elias* | *p. 5* |

**Associates**
| | | |
|---|---|---|
| | *Simon Grille* | *p. 6* |
| | *Scott Grzenczyk* | *p. 6* |
| | *Emily Jenks* | *p. 7* |
| | *Mani Goehring* | *p. 7* |
| | *Elizabeth Kramer* | *p. 7* |
| | *Angelica Ornelas* | *p. 8* |
| | *Jimmy Richardson* | *P. 8* |
| | *Peng Shao* | *P. 8* |
| | *Trevor Tan* | *p. 9* |
| | *Tom Watts* | *p. 9* |

**Of Counsel**
| | | |
|---|---|---|
| | *Michael Danko* | *p. 10* |
| | *Kristine Meredith* | *p. 11* |

## SIGNIFICANT RECOVERIES

| | |
|---|---|
| *False Advertising* | *p. 12* |
| *Defective Products* | *p. 13* |
| *Other Consumer* | *p. 14* |
| *Securities & Financial* | *p. 18* |
| *Mass Tort* | *p. 20* |
| *Employment* | *p. 20* |
| *Antitrust* | *p. 21* |
| *Government Reform* | *p. 21* |

## ATTORNEYS

# Partners

**Daniel Girard** serves as the firm's managing partner and coordinates the prosecution of various consumer protection, securities, and antitrust legal matters handled by the firm. Under Daniel Girard's leadership, Girard Sharp has become one of the most respected and experienced class action law firms in the United States. Dan believes that, too often, the U.S. legal system favors companies and financial institutions over ordinary people. He founded the firm to provide individuals who work hard and play by the rules the same focused, dedicated representation enjoyed by corporations, banks, and insurance companies.

Dan is frequently appointed by courts to lead major complex cases. For example, he served as a lead lawyer for securities investors following the collapse of Lehman Brothers and as lead counsel for commodities investors following the failure of the Peregrine Financial Group. In addition, Dan has successfully prosecuted numerous cases for violations of consumer fraud, predatory lending, and unfair competition laws.

Dan's current case work includes serving as lead counsel in the Woodbridge Investments Litigation, as a member of the leadership team in the USC Student Health Center Litigation, as lead counsel in the United States Office of Personnel Management Data Breach class action, and as lead counsel for the California Teachers' Retirement System in litigation against Walmart for violations of the Foreign Corrupt Practices Act (FCPA).

Dan's past and present clients include the California Teachers Retirement System, the Kansas Public Employees Retirement System, the American Federation of Government Employees, Fireman's Fund Insurance Company, Allianz Life Insurance Company, Nu Skin International Inc., and celebrity photographer Gunter Sachs.

Dan considers it a privilege to serve the federal court system as a volunteer. He was appointed by Chief Justice William H. Rehnquist to the United States Judicial Conference Advisory Committee on Civil Rules and served on the Civil Rules Committee from 2004 through 2010. Chief Justice John G. Roberts appointed Dan to the Standing Committee on Practice and Procedure in 2015 and reappointed him to a second term in 2018. Dan's article, "*Limiting Evasive Discovery: A Proposal for Three Cost-Saving Amendments to the Federal Rules*," 87 Denver University Law Rev. 473 (2010), proposed several rule amendments that were ultimately adopted in Federal Rule of Civil Procedure 34(b)(2).

Other published articles include: *Managez efficacement vos litiges d'affaires*, Extrait du magazine, Décideurs N°121, November 2010, *Stop Judicial Bailouts*, The National Law Journal, December 1, 2008, and *Billions to Answer For*, Legal Times, September 15, 2008. His speaking engagements include the following presentations: *Panelist for Class Action Settlements and Discovery presentations,* HB Litigation Conferences, May 3, 2016; *Panelist for Data Breach & Privacy presentation,* HB Litigation Conferences, February 11, 2016; *Panelist for "Hello 'Proportionality,' Goodbye 'Reasonably Calculated,'"* Joint Conference of ABA Section of Litigation and Duke Law Center for Judicial Studies, January 28, 2016; *Invited Participant in Special MDL Conference,* Duke Law Center for Judicial Studies, October 8, 2015; *Co-panelist with Judge*

*James P. O'Hara on Discovery Amendments to Federal Rules of Civil Procedure;* Kansas City Metropolitan Bar Association, D. Kan., and W. D. of Mo., September 17, 2015; *Panelist in Private Breakfast Seminar on Class Action Risk Mitigation Strategies*, Lazareff LeBars, September 22, 2015; *Invited Participant on Judicial Conference Advisory Committee on Civil Rules,* Rule 23 Mini- Conference, September 11, 2015; *Attorney Faculty in Managing Complex Litigation Workshop for US District Judges*, Federal Judicial Center, August 25-25, 2015; *Moderator and Panelist on panels addressing proposed Rule 23 amendments,* Class Action Settlement Conference, Duke Law Center for Judicial Studies, July 2015; *Panelist on Role of Consumer Class Actions in the Herbal Supplements Industry*, HarrisMartin's MDL Conference: Herbal Supplements Litigation, May 27, 2015; *Panelist on Transferee Judge Case Management;* Multidistrict Litigation Institute, Duke Law Center for Judicial Studies, April 9-10 2015; *Roundtable Participant on Settlement Class Actions,* George Washington University Law School, April 8, 2015; *Lessons from Recent Data Breach Litigation*, Western Trial Lawyers, February 26, 2015; *Speaker in Privacy & Cybersecurity Webinar*, State Bar of California, February 24, 2015; *Panelist on Preservation Issues,* Proportionality Discovery Conference, Duke Law Center for Judicial Studies, November 13-14, 2014; *Roundtable Participant on Public and Private Enforcement after Halliburton, ATP and Boilermakers*, Duke Law Center for Judicial Studies, September 26, 2014; *Co-panelist on Consolidation and Coordination in Generic Drug Cases*, HarrisMartin's Antitrust Pay for Delay Conference, September 22, 2014; *Guest Lecturer on Civil Litigation Seminar*, UC Berkeley, Hastings School of Law, September 18, 2014; *Panel Moderator on Selection and Appointment of Plaintiff's Steering Committee*, MDL Best Practices, Duke Law Center for Judicial Studies, September 11-12, 2014; *Panel on Shareholder Class Action Lawsuits under the New Companies Act*, Joint Conference of the Society of Indian Law Firms and the American Bar Association, Delhi, India, February 14-15, 2015; *Panelist on Symposium on Class Actions*, University of Michigan Law School Journal of Law Reform, March 2013; *Co-taught Seminar on Class Actions and Complex Litigation*, Duke University Law School, January 2013; *Recent Developments in U.S. Arbitration Law,* Conference on Business Law in Africa, Abidjan, Côte d'Ivoire, October 2012; *Bringing and Trying a Securities Class Action Case*, American Association for Justice 2012 Annual Convention, July 2012; *Panel on Class Actions,* U.S. Judicial Conference Standing Committee on Rules of Practice and Procedure, Phoenix, January 2012*; Panel on Paths to (Mass) Justice,* Conference on Globalization of Class Actions and Mass Litigation, The Hague, December 2011; *Contentieux et Arbitrage International: les bons réflexes à acquérir (Litigation and International Arbitration: acquiring the right reflexes)*, Paris, France, March 2011; *Panel on Proposals for Rule Amendments and Preservation Obligations*, United States Judicial Conference Advisory Committee on Rules of Practice and Procedure, January 2011.

Dan is a member of the Business Law Section of the American Bar Association. He is past Chair of the Business Law Section's Subcommittee on Class Actions, Co-Chair of the Business and Corporate Litigation Committee's Task Force on Litigation Reform and Rule Revision, and Vice-Chair of the Business and Corporate Litigation Committee. He has served as a guest lecturer on class actions and complex litigation at the UC Davis School of Law, UC Berkeley (Boalt Hall), UC Hastings College of the Law, Vanderbilt Law School and Stanford Law School. Dan has been consistently honored as a Northern California Super Lawyer (2007-2018). He was educated in France as well as the United States and is fluent in French.

**Dena Sharp** is a problem solver who simplifies even the most complicated issues in class action litigation. Dena currently represents prescription drug purchasers as co-lead counsel in *In re Restasis Antitrust Litigation* and as a member of the End-Payer Steering Committee in *In re Generic Pharmaceuticals Pricing Antitrust Litigation*, a massive price-fixing case against dozens of drug companies. She also represents clients of a fertility center whose eggs and embryos were affected by a freezer tank malfunction.



As co-lead counsel in *In re Lidoderm Antitrust Litigation*, a "pay-for delay" antitrust case that settled for $104.75 million on the eve of trial, Dena worked with her team to win class certification, defeat summary judgment, and obtain the largest recovery for a class of end-payers in similar federal litigation in more than a decade. She has also played a key role in a variety of other high-profile cases, including representing investors in litigation arising from Lehman Brothers' bankruptcy and in matters involving Ponzi schemes and accounting fraud. Dena was honored as a Northern California Rising Star from 2009 to 2016 and was recognized as a Northern California Super Lawyer in 2017 and 2018.

Outside the courtroom, Dena is co-author of the widely-cited *Sedona Principles: Best Practices and Principles for Electronic Document Production (Third Edition)*. She serves on the board of directors of the Impact Fund, a public interest nonprofit, and as vice chair of the Advisory Council for the Duke Law School Center for Judicial Studies. An editor of the *Duke Law Proportionality Guidelines and Best Practices*, Dena is also co-author of a chapter in a forthcoming ABA book on class action practice and strategy. In 2018, Dena was elected to the American Law Institute, which is comprised of prominent judges, lawyers, and law professors. Dena also routinely speaks on issues pertaining to civil procedure and electronic discovery. Most recently she served as co-chair and a faculty member of the Fourth Annual Judicial Training Symposium for Federal Judges, a conference co-hosted by the Federal Judicial Center and Electronic Discovery Institute. Additional publications and speaking engagements can be found here: https://www.girardsharp.com/attorneys-dena-sharp#Insights.

A first-generation American, Dena is fluent in Spanish and German.

**Adam Polk** is a partner at Girard Sharp who takes a client-focused approach to each matter he handles. A devoted advocate, Adam rolls up his sleeves and does whatever it takes to give each of his clients the high-quality representation they deserve. Concentrating his practice in complex securities, antitrust, and consumer class actions, Adam's experience covers all aspects of civil litigation, from initial case investigation and complaint preparation through settlement or trial.



Adam currently serves on the lead counsel teams in *In re Nexus 6P Products Liability Litigation, Weeks et al. v. Google, LLC,* and *In re Pacific Fertility Center Litigation*. Adam was instrumental in several recent matters that have resolved favorably for his clients, including *In re Sears Holdings Corporation Stockholder and Derivative Litigation* ($40 million settlement) and *Daccache v. Raymond James Financial, Inc. et al.* ($150 million partial settlement).

Before joining the firm, Adam externed for the Honorable Sandra Brown Armstrong and the Honorable Claudia Wilken, both in the U.S. District Court for the Northern District of California, and also worked as an associate with a mid-sized regional firm, where he represented both plaintiffs and defendants.

Adam is an active member of the American Bar Association's Class Action and Derivative Suits subcommittee, where he is a frequent contributor of written content regarding emerging issues in class action litigation. His articles include: *Ninth Circuit: Central District of California's 90-Day Deadline to Move for Class Certification Incompatible with Rule 23*, American Bar Association Practice Points, October 2018, *Fourth Circuit, No Presumption of Timeliness Where One Class Action Plaintiff Moves to Intervene in Another Class Action Prior to the Opt-Out Deadline*, American Bar Association Practice Points, July 2018, *California Supreme Court: Unnamed Class Members Must Intervene or Move to Vacate to Gain Right to Appeal Class Settlements*, American Bar Association Practice Points, May 2018, *Tilting at Windmills: Nationwide Class Settlements After In re Hyundai and Kia Fuel Economy Litigation*, ABA Section of Litigation, Class Actions & Derivative Suits, February 2018 (co-author), *"Ninth Circuit." Survey of Federal Class Action Law*, American Bar Association, 2018 (co-author), *Ninth Circuit: No Formal Motion for Reconsideration Needed to Toll 23(f) Deadline*, American Bar Association Practice Points, September 2017, *Eighth Circuit Clarifies CAFA's Local-Controversy Exception Applies to Local Citizens, Not Mere Residents*, American Bar Association Practice Points, May 2017, *Shrink-Wrap Arbitration Clauses Must be Conspicuously Displayed: Ninth Circuit*, American Bar Association Practice Points, April 2017, *Predispute Arbitration Clauses Targeting Public Injunctive Relief Are Unenforceable: CA Supreme Court*, American Bar Association Practice Points, April 2017, *Ninth Circuit: Cy Pres Awards Must be Tailored to Plaintiffs' Claims to Justify a Class Action Release*, American Bar Association Practice Points, February 2017, *Rule 23 Does Not Include an 'Administrative Feasibility Requirement: Ninth Circuit*, American Bar Association Practice Points, January 2017. Adam has been selected by his peers as a Northern California Super Lawyer, Rising Star, every year since 2013.

**Jordan Elias**, a partner in the firm, represents consumers and investors injured by corporate violations. He has pursued civil claims against monopolists, price-fixing cartels, oil and tobacco companies, and the nation's largest banks. Over the past decade, Jordan also has taken on pharmaceutical companies for collusion leading to inflated prescription drug prices.



Jordan is currently spearheading a D.C. Circuit appeal on behalf of more than 21 million federal government employees whose sensitive private information was hacked. He previously served as head writer for the plaintiffs in the wrongful death cases arising from sudden unintended acceleration of Toyota vehicles. He was the primary author of the plaintiffs' briefs in the California Supreme Court in the landmark Cipro "pay-for-delay" case, and gained a reversal for the plaintiff in *Pavoni v. Chrysler Group, LLC*, 789 F.3d 1095 (9th Cir. 2015).

A former chief arbitrator for the San Francisco Bar Association's attorney-client fee disputes program, Jordan now serves as the program's vice-chair. He also serves as chair of the Antitrust Subcommittee of the American Bar Association's Section of Class Actions and Derivative Suits. Jordan has been honored as a Northern California Super Lawyer every year since 2014, and in 2012 and 2013, he was recognized as a Rising Star.

Jordan has authored several law review articles, most recently *Cooperative Federalism in Class Actions*, 86 Tenn. L. Rev. 1 (2019). He is coordinating editor of *Survey of Federal Class Action Law*, a book published by the American Bar Association. In 2017, Jordan was elected to the American Law Institute.

A native Californian, Jordan attended Harvard-Westlake School and clerked for the late Ninth Circuit Judge Cynthia Holcomb Hall. He was an all-Ivy League sprinter at Yale.

## Associates



**Simon Grille** is committed to seeking justice for individuals harmed by corporate misconduct. He represents plaintiffs in class and complex litigation concerning consumers' rights and financial fraud. He has taken a lead role in product defect class actions brought against some of the largest technology companies in the world.

Simon approaches each case with an unwavering commitment to obtaining the best possible outcome for his clients. In addition to being a dedicated advocate, Simon is a creative problem-solver and welcomes the challenges of complex civil litigation. He has experience in all aspects of civil litigation, from case filing through settlement or trial.

Prior to joining Girard Sharp, Simon worked at a prominent Bay Area law firm, where he represented victims of toxic exposure in complex civil litigation. He also has experience working in-house at a multinational company and as an extern for the Honorable Arthur S. Weissbrodt of the United States Bankruptcy Court, Northern District of California.



**Scott Grzenczyk** dedicates his practice to representing plaintiffs in antitrust and consumer protection matters. He has wide-ranging experience in all aspects of complex litigation and has served as a member of leadership teams that have recovered hundreds of millions of dollars for the firm's clients. Scott brings a tireless work ethic and a practical, results-oriented approach to his cases.

For several years, Scott has represented union health and welfare funds in cases alleging that large, multinational drug companies illegally inflated the price of prescription drugs. He has an in-depth knowledge of the pharmaceutical industry and the unique challenges that come with prosecuting antitrust claims against drug companies. Scott has applied this knowledge to achieve precedent-setting recoveries, including a $104.75 million settlement shortly before trial in a case concerning the prescription drug Lidoderm. He also plays a key role in the firm's work in the *In re Restasis Antitrust Litigation* and *In re Generic Pharmaceuticals Antitrust Litigation* cases.

Scott leads the firm's litigation efforts in a class action filed by native inhabitants of Guam bringing due process and equal protection claims against the government of Guam. He also has a track record of successfully representing consumers, including car and cell phone purchasers, in cases involving fraud and unfair business practices. During law school, Scott successfully argued a precedent-setting immigration case

before the U.S. Court of Appeals for the Ninth Circuit. Scott has been selected as a Rising Star by Northern California Super Lawyers every year since 2013.

**Emily Jenks** focuses on managing large electronic discovery matters in antitrust and other complex litigation. Emily is fluent in Japanese and has played a central role in identifying and analyzing key documents in multiple matters, including *In re Capacitors Antitrust Litigation* and *In re Lidoderm Antitrust Litigation*.



A 2010 graduate of the Santa Clara University School of Law, Emily served as an associate on the *Computer and High Technology Law Journal* and focused her studies on intellectual property and high tech law. Emily received her undergraduate degree in international relations with an emphasis on global economy from San Francisco State University in 2005. Emily is admitted to the California Bar.

**Mani Goehring** strives to provide clients with prompt attention, reliable guidance, and excellent outcomes. She represents consumers in class action and other complex litigation, holding companies and institutions accountable when they engage in misconduct. From intake to resolution, Mani knows that responsiveness and tenacity are keys to obtaining favorable results.



Mani worked at the U.S. Department of Justice, Antitrust Division, on criminal matters. She also interned for the U.S. Attorney's Office, the San Francisco District Attorney's Office, and the American Civil Liberties Union of Northern California.

When she's not litigating, you'll find her hiking in the redwoods or paddling in the waves.

**Elizabeth Kramer** joined the firm as a summer intern over five years ago and remains a dedicated advocate for plaintiffs in complex matters spanning a variety of practice areas, including consumer protection, antitrust, securities and financial fraud, and civil rights.



Elizabeth is currently on the co-lead counsel team for women who were sexually abused by gynecologist George Tyndall M.D. in a class action against Tyndall and the University of Southern California. The case, *In re USC Student Health Center Litigation*, is pending in the U.S. District Court for the Central District of California. In addition, two of Elizabeth's recent technology-related consumer cases against HP and Lenovo have resulted in proposed settlements that, if approved, will provide substantial monetary and non-monetary relief for thousands of individuals.

Additionally, as a key contributor to the firm's work in *In re Generic Pharmaceuticals Pricing Antitrust Litigation*, Elizabeth focuses on discovery of the defendants and non-parties in this large-scale multidistrict proceeding involving allegations of price fixing by dozens of manufacturers of generic drugs. Since 2016, Elizabeth has been recognized as a Northern California Super Lawyers Rising Star.

**Angelica Ornelas** devotes her practice to representing consumers, insureds, and fraud victims. Since joining the firm, Angelica has litigated cases resulting in over $200 million in recoveries for plaintiffs. Her representative matters include *Daccache v. Raymond James Financial, Inc.*, brought on behalf of victims of the Jay Peak investment fraud—the largest in the history of the EB-5 visa program—and *Larson v. John Hancock Life Insurance Company (U.S.A)*, a certified class action alleging that John Hancock improperly inflated cost of insurance charges deducted from its customers' life insurance policies. She currently represents policyholders in similar "cost of insurance" litigation, including *In re Lincoln National 2017 COI Rate Litigation, Maxon v. Sentry Life Insurance Company*, *Spegele v. USAA Life Insurance Company,* and *Bally v. State Farm Life Insurance Company*.



Angelica grew up in South Monterey County. She earned an undergraduate degree from UC Los Angeles and completed a master's program at San José State University before receiving her law degree from UC Berkeley. Before joining Girard Sharp, Angelica served as a judicial law clerk for the United States District Court for the Northern District of California and the United States Bankruptcy Court for the District of Nevada. Angelica speaks Spanish and French.

**Jimmy Richardson** represents consumers, employees, investors, and others in their efforts to vindicate their rights and the public interest. Over nearly a decade of practice, he has pursued cases involving antitrust violations, civil rights, and other complex litigation matters. Jimmy's practice is animated by his long-standing commitment to using the law to protect the interests of everyday people against corporate and government misconduct.



A graduate of Harvard Law School, Jimmy worked at a noted litigation firm in New York City before clerking for the Honorable Mary H. Murguia on the U.S. Court of Appeals for the Ninth Circuit. He then worked for the World Bank Group Sanctions Board, where he adjudicated appeals of matters involving corruption and fraud in international development, and was then a managing attorney at a national civil rights firm, where he litigated landmark gender discrimination cases. Jimmy taught students about literature and American culture at Duke University before attending law school.

**Peng Shao** devotes his practice to advocating for plaintiffs in complex matters spanning a variety of practice areas, including antitrust, securities, financial fraud, civil rights, and consumer protection.



Peng is a graduate of UC Davis School of Law. During law school, Peng gained valuable experience as a part of UC Davis School of Law's Business Law Journal, Intellectual Property Law Association, and Immigration Law Clinic. Peng also represented UC Davis in various Moot Court competitions and brought a case before the Ninth Circuit Court of Appeals. As captain of the King Hall Soccer Team, Peng led his team to bring the UC Davis Intramural Soccer Championship back to King Hall for the first time in more than six years.

Before joining Girard Sharp, Peng externed for the Honorable Troy L. Nunley of the U.S. District Court for the Eastern District of California and clerked for the Honorable Benita Y. Pearson of the U.S District Court for the Northern District of Ohio.

Peng received his B.S. in Biology with honors from University of Kentucky, and is published in The Journal of BioChemistry.

**Trevor Tan** is an associate who focuses on consumer protection class actions and other complex civil litigation.



Before joining the firm, Trevor clerked for the Honorable Fernando M. Olguin of the U.S. District Court for the Central District of California. After graduating from law school, he was a fellow at the Young Center for Immigrant Children's Rights, where he represented unaccompanied minors facing removal proceedings. Trevor also clerked for judges of the Los Angeles County Superior Court and the court's Appellate Division.

Trevor received his J.D. from the University of Chicago Law School in 2011. During law school, he was an extern for the Honorable George H. Wu in the Central District of California and a law clerk with the Illinois Attorney General. In addition, he served as a child advocate with the school's immigrant child advocacy clinic and worked on behalf of immigrant children from China.

Trevor received his undergraduate degree with honors in political science from the University of California, Irvine in 2006.

**Tom Watts** focuses on antitrust, consumer protection, and other complex civil litigation. Before joining the firm, Tom clerked for the Honorable Jane Roth on the Third Circuit and the Honorable Robert McDonald of the Maryland Court of Appeals, assisting in a wide variety of appellate and state supreme court matters.

Tom earned a J.D. and master of public policy magna cum laude from Harvard Law School and Harvard Kenney School in 2015. During law school, he gained experience in litigation, appeals, and policy advocacy by interning with the Department of Justice's Civil Appellate Section, Santa Clara County's Impact Litigation and Social Justice Section, and Public Advocates, among others.

Tom received his B.A. from the University of California, Berkeley, with High Distinction in General Scholarship. He double-majored in Classical Languages, in which he received High Honors, and Astrophysics, for which he was the undergraduate commencement speaker.

# Of Counsel

**Michael S. Danko** is a renowned trial lawyer with more than 25 years of legal experience. He represents individuals who have suffered catastrophic personal injuries, as well as families of wrongful death victims in cases involving product defects, defective medications and medical devices, airplane and helicopter accidents, and dangerous structures. He has tried cases in state and federal courts throughout the country and has won numerous eight-figure verdicts on behalf of his clients.



Mr. Danko represents dozens of victims of a Pacific Gas & Electric gas explosion and serves on the Plaintiffs' Steering Committee in a California state coordinated proceeding *San Bruno Fire Cases,* JCCP No. 4648. He also serves on the Science Committee for Plaintiffs in *In Re Yasmin and Yaz (Drospirenone) Marketing, Sales Practices and Products Liability Litigation,* MDL No. 2100.

In 2009, he won a $15 million jury verdict for a client injured by a defective aircraft part, which earned him a nomination for 2009 California Trial Lawyer of the Year by the Consumer Attorneys of California.

Mr. Danko's trial advocacy has helped bring about significant reforms and changes to corporate policies. As lead counsel in *In Re Deep Vein Thrombosis Litigation,* MDL No. 04-1606 (N.D. Cal.), he represented more than one hundred air travelers who suffered strokes, pulmonary emboli, or heart attacks as a result of airline-induced blood clots. He developed theories of liability and proof regarding the cause of his clients' injuries that led to virtually every major air carrier warning air travelers about the risks of deep vein thrombosis and measures to mitigate those risks. Mr. Danko also represented parents of children who were injured or killed by a popular candy made by a foreign manufacturer. His work in proving that the candy's unusual ingredients and consistency made it a choking hazard resulted in the candy being removed from Costco and Albertson's stores nationwide, and helped lead the FDA to ban the candy from further import into the United States.

He has been named a Northern California Super Lawyer each year since the award's inception in 2004. He is a *Lawdragon 500* finalist. In 2010, he was named one of the Best Lawyers in America. He is a member of the American Association for Justice, the Lawyer Pilots Bar Association and the Consumer Attorneys of California, where he serves on the board of governors. Mr. Danko received his AB degree from Dartmouth College, *magna cum laude*, in 1980, and earned his JD from the University of Virginia School of Law in 1983.

**Kristine Keala Meredith** is a trial attorney specializing in product liability litigation. She served as co-lead counsel with Mr. Danko representing more than one hundred air travelers who suffered strokes, pulmonary emboli, or heart attacks as a result of airline-induced blood clots in *In Re Deep Vein Thrombosis Litigation*, MDL No. 1606.



Ms. Meredith served on the Law and Motion committee in *In Re Yasmin and Yaz (Drospirenone) Marketing, Sales Practices and Products Liability Litigation,* MDL No. 2100, where she assisted in the successful opposition to 15 *Daubert* motions in fewer than three weeks. Before devoting her practice to representing plaintiffs, Ms. Meredith worked on the national defense counsel teams for medical device manufacturers in multi-district litigation including *In re Silicone Gel Breast Implants Product Liability Litigation*, MDL No. 926, and *In re Orthopedic Bone Screw Product Liability Litigation*, MDL No. 1014. She also represented doctors and hospitals in defense of medical malpractice actions, where she worked with some of the world's leading medical experts.

In 2010, Ms. Meredith was named a Northern California Super Lawyer. She is currently an officer of the American Association for Justice and the San Mateo County Trial Lawyers Association. She is also a member of the San Francisco Trial Lawyers Association and the Consumer Attorneys of California. She is a former chair of the Minority Issues Committee of the San Francisco Bar Association Barrister Club.

She obtained her B.S. with honors from the University of California at Davis and was awarded a scholarship to attend Brigham Young University's J. Reuben Clark Law School. While in law school, she was awarded the Distinguished Student Service Award and spent a semester at Howard University Law School in Washington, D.C., as a member of the faculty/student diversity exchange.

## SIGNIFICANT RECOVERIES

Some of the cases in which the firm has had a leadership role are described below:

### False Advertising & Deceptive Marketing

*In re Hyundai and Kia Horsepower Litigation*, No. 02CC00287 (Cal. Super. Ct. Orange County). Girard Sharp served as lead counsel in this coordinated nationwide class action against Hyundai for falsely advertising the horsepower ratings of more than 1 million vehicles over a ten year period. The case was aggressively litigated on both sides over several years. In all, over 850,000 Hyundai owners received notice of the settlement, which provided cash and other benefits, and which was had an estimated value of as much as $125 million.

*In re Chase Bank USA, N.A. "Check Loan" Contract Litigation*, No. 09-2032 (N.D. Cal.). Girard Sharp and several other firms led this nationwide class action lawsuit alleging deceptive marketing and loan practices by Chase Bank USA, N.A. After a nationwide class was certified, U.S. District Court Judge Maxine M. Chesney granted final approval of a $100 million settlement on behalf of Chase cardholders.

*Hyundai and Kia Fuel Economy Litigation*, No. 2:13-ml-2424 (C.D. Cal.). In a lawsuit alleging false advertising in connection with the fuel efficiency of various Hyundai and Kia models, the firm served as liaison counsel and in that capacity regularly reported to the Court, coordinated a wide-ranging discovery process, and advanced the view of over twenty-five firms seeking relief under the laws of over twenty states. The case ultimately resulted in a revised nationwide class action settlement with an estimated value of up to $120 million.

*In re Providian Credit Card Cases*, J.C.C.P. No. 4085 (Cal. Super. Ct. San Francisco County). Girard Sharp served as court-appointed co-lead counsel in this nationwide class action suit brought on behalf of Providian credit card holders. The lawsuit alleged that Providian engaged in unlawful, unfair and fraudulent business practices in connection with the marketing and fee assessments for its credit cards. The Honorable Stuart Pollack approved a $105 million settlement, plus injunctive relief—one of the largest class action recoveries in the United States arising out of consumer credit card litigation.

*In re MCI Non-Subscriber Telephone Rates Litigation*, MDL Docket No. 1275 (S.D. Ill.). This class action lawsuit was brought on behalf of MCI subscribers charged various rates and surcharges instead of the lower rates MCI had advertised. Ten cases were consolidated for pretrial proceedings before the Honorable David R. Herndon, U.S. District Judge for the Southern District of Illinois. Judge Herndon appointed Girard Sharp as co-lead counsel for the consolidated actions. On March 29, 2001, Judge Herndon granted final approval of a settlement for over $90 million in cash.

*Skold v. Intel Corp.*, No. 1-05-CV-039231 (Cal. Super. Ct., Santa Clara Cty.) Girard Sharp represented Intel consumers through a decade of hard-fought litigation, ultimately certifying a nationwide class under an innovative "price inflation" theory and negotiating a settlement that provided refunds and $4 million in cy pres donations. In approving the settlement, Judge Peter Kirwan wrote: "It is abundantly clear that Class Counsel invested an incredible amount of time and

costs in a case which lasted approximately 10 years with no guarantee that they would prevail…. Simply put, Class Counsel earned their fees in this case."

***Steff v. United Online, Inc.***, No. BC265953, (Los Angeles Super. Ct.). This nationwide class action suit was brought against NetZero, Inc. and its parent, United Online, Inc., by former NetZero customers. Plaintiffs alleged that defendants falsely advertised their internet service as unlimited and guaranteed for a specific period of time. The Honorable Victoria G. Chaney of the Los Angeles Superior Court granted final approval of a settlement that provided full refunds to customers whose services were cancelled and which placed restrictions on Defendants' advertising.

***Stoddard v. Advanta Corp.***, No. 97C-08-206-VAB (Del. Superior Ct.). This nationwide class action lawsuit was brought on behalf of cardholders who were promised a fixed APR for life in connection with balance transfers, but whose APR was then raised pursuant to a notice of change in terms. The Honorable Vincent A. Bifferato appointed the firm as co-lead counsel and approved a $7.25 million settlement.

***Khaliki v. Helzberg's Diamond Shops, Inc.***, No. 11-0010-CV-W-NKL (W.D. Mo.). Girard Sharp and co-counsel represented consumers who alleged deceptive marketing in connection with the sale of princess-cut diamonds. The firms achieved a positive settlement, which the court approved, recognizing "that Class Counsel provided excellent representation" and achieved "a favorable result relatively early in the case, which benefits the Class while preserving judicial resources." The court went on to recognize that "Class Counsel faced considerable risk in pursuing this litigation on a contingent basis, and obtained a favorable result for the class given the legal and factual complexities and challenges presented."

***In re: Tyson Foods Inc., Chicken Raised Without Antibiotics Consumer Litigation***, No. RDB-08-1982 (D. Md.). Girard Sharp served as Class Counsel on behalf of consumers who purchased chicken products that were alleged to have been misleadingly labeled as "raised without antibiotics." After discovery, counsel negotiated a $5 million settlement that required Tyson to pay cash to class members and make a substantial cy pres contribution to food banks.

## Defective Products

***In re iPod Cases***, JCCP No. 4355 (Cal. Super. Ct. San Mateo Cty). Girard Sharp, as court appointed co-lead counsel, negotiated a settlement that provided warranty extensions, battery replacements, cash payments, and store credits for class members who experienced battery failure. In approving the settlement, the Hon. Beth L. Freeman said that the class was represented by "extremely well qualified" counsel who negotiated a "significant and substantial benefit" for the class members.

***Sugarman v. Ducati North America, Inc.***, No. 5:10-cv-05246-JF (N.D. Cal.). The firm served as class counsel on behalf of Ducati motorcycle owners who the fuel tanks on their motorcycles degraded and deformed due to incompatibility with the motorcycles' fuel. In January 2012, the Court approved a settlement that provided an extended warranty and repairs, writing, "The Court recognizes that class counsel assumed substantial risks and burdens in this litigation. Representation was professional and competent; in the Court's opinion, counsel obtained an excellent result for the class."

*Parkinson v. Hyundai Motor America*, No. CV 8:06-0345 (C.D. Cal.). Girard Sharp served as class counsel in this class action featuring allegations that the flywheel and clutch system in certain Hyundai vehicles was defective. After achieving nationwide class certification, Girard Sharp negotiated a settlement that provided for reimbursements to class members for their repairs, depending on their vehicle's mileage at time of repair, from 50% to 100% reimbursement. The settlement also provided full reimbursement for rental vehicle expenses for class members who rented a vehicle while flywheel or clutch repairs were being performed. After the settlement was approved, the court wrote, "Perhaps the best barometer of … the benefit obtained for the class … is the perception of class members themselves. Counsel submitted dozens of letters from class members sharing their joy, appreciation, and relief that someone finally did something to help them."

*In Re Medtronic, Inc. Implantable Defibrillators Product Liability Litigation*, MDL No. 05-1726 JMR (D. Minn.). Girard Sharp served on the discovery and law committees and provided legal, discovery, and investigative support in this lawsuit, following a February 2005 recall of certain models of Medtronic implantable cardioverter defibrillator devices. Approximately 2,000 individual cases were filed around the country and consolidated in an MDL proceeding in District Court in Minnesota. The cases were settled in 2007 for $75 million.

*Browne v. Am. Honda Motor Co., Inc.*, No. CV 09-06750 (C.D. Cal.). Girard Sharp and co-counsel served as class counsel, representing plaintiffs who alleged that about 750,000 Honda Accord and Acura TSX vehicles were sold with brake pads that wore out prematurely. Girard Sharp negotiated a settlement in which improved brake pads were made available and class members who had them installed could be reimbursed. The settlement received final court approval in July 2010 and provided an estimated value of approximately $25 million.

*In Re General Motors Dex-Cool Cases.*, No. HG03093843 (Cal. Super Ct. Alameda Cty). In these class action lawsuits filed throughout the country, plaintiffs alleged that General Motors' Dex-Cool engine coolant damaged certain vehicles' engines, and that in other vehicles, Dex-Cool formed a rusty sludge that caused vehicles to overheat. After consumer classes were certified in both Missouri and California, General Motors agreed to cash payments to class members nationwide. On October 27, 2008, the California court granted final approval to the settlement.

*Roy v. Hyundai Motor America*, No. SACV 05-483-AHS (C.D. Cal.). Girard Sharp served as court appointed co-lead counsel in this nationwide class action suit brought on behalf of Hyundai Elantra owners and lessees, alleging that an air bag system in vehicles was defective. Girard Sharp helped negotiate a settlement whereby Hyundai agreed to repair the air bag systems, provide reimbursement for transportation expenses, and administer an alternative dispute resolution program for trade-ins and buy-backs. In approving the settlement, the Honorable Alicemarie H. Stotler presiding, described the settlement as "pragmatic" and a "win-win" for all involved.

**Other Consumer Protection Recoveries**

*Mitchell v. American Fair Credit Association*, No. 785811-2 (Cal. Super. Ct. Alameda Cty); *Mitchell v. Bankfirst, N.A.*, No. C-97-1421-MMC (N.D. Cal.). This class action lawsuit was brought on behalf of California members of the American Fair Credit Association (AFCA). Plaintiffs alleged that AFCA operated an illegal credit repair scheme. The Honorable James Richman certified the class and appointed the firm as class counsel. In February 2003, Judge Ronald Sabraw of the Alameda County

Superior Court and Judge Maxine Chesney of the U.S. District Court for the Northern District of California granted final approval of settlements valued at over $40 million.

*In Re Mercedes-Benz Tele Aid Contract Litigation*, MDL No. 1914, CV No. 07-2720-DRD (D.N.J.), Girard Sharp and co-counsel served as co-lead class counsel on behalf of consumers who were not told their vehicles' navigation systems were on the verge of becoming obsolete. Counsel successfully certified a nationwide litigation class, before negotiating a settlement valued between approximately $25 million and $50 million. In approving the settlement, the court acknowledged that the case "involved years of difficult and hard-fought litigation by able counsel on both sides" and that "the attorneys who handled the case were particularly skilled by virtue of their ability and experience."

*In re America Online Spin-Off Accounts Litigation*, MDL No. 04-1581-RSWL (C.D. Cal.). Girard Sharp served as court-appointed co-lead counsel in this nationwide class action suit brought on behalf of America Online subscribers who were billed for a second account without their knowledge, authorization or consent. The litigation settled for $25 million and changes in AOL's billing and account practices.

*In re LookSmart Litigation*, No. 02-407778 (Cal. Super. Ct. San Francisco Cty). This nationwide class action suit was brought against LookSmart, Ltd. on behalf of LookSmart's customers who paid an advertised "one time payment" to have their web sites listed in LookSmart's directory, only to be later charged additional payments to continue service. Plaintiffs' claims included breach of contract and violation of California's consumer protection laws. On October 31, 2003, the Honorable Ronald M. Quidachay granted final approval of a nationwide class action settlement providing cash and benefits valued at approximately $20 million.

*In re America Online, Inc. Version 5.0 Software Litigation*, MDL Docket No. 1341 (S.D. Fla.). Girard Sharp served as co-lead counsel in this MDL proceeding, which centralized 45 class actions. The action involved alleged violations of state consumer protection statutes, the Computer Fraud and AbuseAct, and federal antitrust laws based on AOL's distribution of its Version 5.0 software upgrade. The Honorable Alan S. Gold granted final approval to a $15.5 million cash settlement on August 1, 2002.

*In re PayPal Litigation*, No. C-02-1227-JF (PVT) (N.D.Cal., S.J. Div. 2002). Girard Sharp served as co-lead counsel in this nationwide class action alleging violations of California consumer protection statutes and the Electronic Funds Transfer Act (EFTA). The plaintiffs alleged that PayPal unlawfully restricted access to consumers' PayPal accounts. On September 24, 2004, Judge Fogel granted final approval to a settlement valued at $14.35 million in cash and returned funds, plus injunctive relief to ensure compliance with the EFTA.

*Powers Law Offices, P.C. v. Cable & Wireless USA, Inc.*, No. 99-CV-12007-EFH (D. Mass 1999). In this class action brought on behalf of cable and wireless subscribers overcharged for recurring and incorrect fees, Girard Sharp prosecuted the case from 1999 through 2005. On October 27, 2005, Judge Harrington granted final approval of the $8 million settlement and the bankruptcy court approved the 30% distribution from the unsecured creditors' fund of the bankruptcy liquidation proceeds.

*Lehman v. Blue Shield of California*, No. CGC-03-419349 (Cal. Super. Ct. San Francisco County). In this class action lawsuit alleging that Blue Shield engaged in unlawful, unfair and fraudulent business practices when it modified the risk tier structure of its individual and family health care plans, a $6.5 million settlement was negotiated on behalf of former and current Blue Shield subscribers residing in California. The Honorable James L. Warren granted final approval of the settlement in March 2006.

*Telestar v. MCI, Inc.*, No. C-05-Civ-10672-JGK (S.D.N.Y.). This class action was brought on behalf of MCI commercial subscribers who were charged both interstate and intrastate fees for the same frame relay on prorate line service during the same billing period. On April 17, 2008, the Honorable John G. Koeltl granted final approval of a settlement for over $2.8 million in cash.

*Wixon v. Wyndham Resort Development Corp.*, No. C-07-02361 JSW (BZ) (N.D. Cal.). Girard Sharp served as class and derivative counsel in this litigation brought against a timeshare developer and the directors of a timeshare corporation for violations of California state law. Plaintiffs alleged that the defendants violated their fiduciary duties as directors by taking actions for the financial benefit of the timeshare developer to the detriment of the owners of timeshare interests. On September 14, 2010, Judge White granted approval of a settlement of the plaintiffs' derivative claims.

*Berrien, et al. v. New Raintree Resorts, LLC, et al.*, No. CV-10-03125 CW (N.D. Cal.). Girard Sharp filed this class action on behalf of timeshare owners, challenging the imposition of unauthorized special assessment fees. On November 15, 2011, the Parties reached a proposed settlement of the claims asserted by the Plaintiffs on behalf of all class members who were charged the special assessment. On March 13, 2012, the Court issued its Final Class Action Settlement Approval Order and Judgment, approving the proposed settlement.

*Benedict, et al. v. Diamond Resorts Corporation, et al.*, No. CV 12-00183-DAE (D. Hawaii). Girard Sharp filed this class action on behalf of timeshare owners, challenging the imposition of an unauthorized special assessment fee. On November 6, 2012, the parties reached a proposed settlement of the claims asserted by the plaintiffs on behalf of all class members who were charged the special assessment. On June 6, 2013, the Court approved the settlement.

*Allen Lund Co., Inc. v. AT&T Corp.*, No. C 98-1500-DDP (C.D. Cal.). This class action lawsuit was brought on behalf of small businesses whose long-distance service was switched to Business Discount Plan, Inc. Girard Sharp was appointed class counsel by the Honorable Dean D. Pregerson. The settlement, providing for full cash refunds and free long-distance telephone service, was approved in December 1999.

*Mackouse v. The Good Guys - California, Inc.*, No. 2002-049656 (Cal. Super Ct. Alameda Cty). This nationwide class action lawsuit was brought against The Good Guys and its affiliates alleging violations of the Song-Beverley Warranty Act and other California consumer statutes. The Plaintiff alleged that The Good Guys failed to honor its service contracts, which were offered for sale to customers and designed to protect a customer's purchase after the manufacturer's warranty expired. In May 9, 2003, the Honorable Ronald M. Sabraw granted final approval of a settlement that provides cash refunds or services at the customer's election.

*Mager v. First Bank of Marin*, No. CV-S-00-1524-PMP (D. Nev.). This nationwide class action was brought on behalf of people who were enrolled in First Bank of Marin's credit card program. In May 2002, the Judge Pro of the U.S. District Court for the District of Nevada approved a settlement providing for cash and non-cash benefits to class members.

*Whitaker v. Health Net of Cal., Inc., et al.*, No. 2:11-cv-00910-KJM-DAD (E.D. Cal.) and Shurtleff v. Health Net of Cal., Inc., No. 34-2012-00121600-CU-CL (Cal. Super Ct. Sacramento Cty). Girard Sharp served as co-lead counsel in this patient privacy case. On June 24, 2014, the court granted final approval of a settlement that provided class members with credit monitoring, established a $2 million fund to reimburse consumers for related identity theft incidents, and instituted material upgrades to and monitoring of Health Net's information security protocols.

*Smith v. Regents of the University of California, San Francisco*, No. RG-08-410004 (Cal. Super Ct. Alameda Cty). Girard Sharp represented a patient who alleged that UCSF's disclosure of its patients' medical data to outside vendors violated California medical privacy law. The firm succeeded in negotiating improvements to UCSF's privacy procedures on behalf of a certified class of patients of the UCSF medical center. In approving the stipulated permanent injunction, Judge Stephen Brick found that "plaintiff Smith has achieved a substantial benefit to the entire class and the public at large."

*In re Countrywide Financial Corp. Customer Data Security Breach Litigation*, No. 3:08-MD-01988 (W.D. Ky.). Girard Sharp served as a member of the executive committee representing a class of millions of customers and potential customers of Countrywide whose personal information was stolen by a former Countrywide employee and then sold to other mortgage lenders. The class settlement provided for free credit monitoring, reimbursement of out-of-pocket expenses incurred as a result of the theft, and reimbursement of up to $50,000 per class member for identity theft losses.

*In re Sony BMG CD Technologies Litigation*, No.1:05-cv-09575-NRB (S.D.N.Y.). Girard Sharp served as co-lead counsel in this class action for violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, *et seq.* on behalf of millions of consumers who purchased SONY BMG music compact discs encoded with digital rights management software which limited CD functionality and acted as spyware on the users' computers. Judge Naomi Reice Buchwald granted approval to a settlement that provided for a nationwide recall of certain CDs, the dissemination of software utilities to remove the offending DRM, cash and other compensation for consumers, and injunctive relief governing SONY BMG's use of DRM.

*In re H&R Block Express IRA Litigation*, MDL No. 1786 (W.D. Mo.). Girard Sharp served as co-lead counsel in this MDL involving H&R Block's marketing and sale of its "Express IRA" investment products. The firms negotiated a coordinated settlement with the New York Attorney General that provided class members with more than $19 million in cash (resulting in a full recovery for consumers) and non-cash benefits entitling Express IRA holders to convert their investments to alternative IRAs with lower fees.

*In re Adobe Systems, Inc. Privacy Litigation*, No. 5:13-cv-05226-LHK (N.D. Cal.): Girard Sharp was appointed as lead counsel in this consolidated litigation on behalf of consumers who asserted privacy and consumer fraud claims arising from a 2013 data breach. In September 2014, Girard Sharp obtained a pivotal ruling when the court denied Adobe's motion to dismiss for lack of standing, ruling that the Supreme Court's opinion in Clapper v. Amnesty International USA, 133 S. Ct. 1138 (2013), did not

change existing standing jurisprudence. 66 F. Supp. 3d 1197 (N.D. Cal. 2014). Before this opinion, many data breach defendants had obtained dismissals for lack of standing based on Clapper. The Adobe ruling has been followed by a number of district courts, and most recently by the Seventh Circuit Court of Appeals in *Remijas v. Neiman Marcus Group, LLC*. 794 F.3d 688, 693-94 (7th Cir. 2015).

## Securities and Financial Recoveries

*In re Digex, Inc. Shareholder Litigation*, Consol. Case No. 18336 (Del. Ch. Ct. 2000). Girard Sharp represented the Kansas Public Employees Retirement System, one of two institutional lead plaintiffs in this lawsuit, in which minority shareholders of Digex, Inc. sued to enjoin MCI WorldCom's planned acquisition of a controlling interest in Digex through a merger with Intermedia Communications, Inc. In a settlement approved by Delaware Chancery Court on April 6, 2000, a fund consisting of $165 million in MCI WorldCom stock and $15 million in cash was secured for Digex shareholders, as well as non-cash benefits valued at $450 million.

*Billitteri v. Securities America, Inc.*, No. 3:09-cv-01568-F (N.D. Tex.). Girard Sharp served as lead counsel in an action against broker-dealer Securities America, Inc. and its corporate parent, Ameriprise, Inc. in connection with sales of investments in the Provident Royalties and Medical Capital investment schemes. Mr. Girard coordinated negotiations resulting in a $150 million settlement, with $80 million allocated to class plaintiffs represented by Girard Sharp and $70 million allocated to individual investors who had initiated arbitration proceedings. The settlements returned over 40% of investment losses.

*In re Lehman Brothers Equity/Debt Securities Litigation*, No. 08-Civ-5523 (S.D.N.Y. 2008). Girard Sharp was appointed class counsel for a certified class of retail investors in structured products sold by UBS Financial Services, Inc., following the collapse of Lehman Brothers Holdings, Inc., the largest bankruptcy in United States history. The plaintiffs alleged that UBS misrepresented Lehman's financial condition and failed to disclose that the "principal protection" feature of many of the notes depended upon Lehman's solvency. Girard Sharp negotiated a settlement that established a $120 million fund to resolve the claims.

*In re Prison Realty Securities Litigation*, No. 3:99-0452 (M.D. Tenn.). Girard Sharp served as co-lead counsel in this securities class action brought against a real estate investment trust and its officers and directors relating to a merger between Corrections Corporation of America and CCA Prison Realty Trust. On February 13, 2001, the Court granted final approval to a settlement for over $120 million in cash and stock.

*In re American Express Financial Advisors Securities Litigation,* No. 04-cv-01773-DAB (S.D.N.Y.). Girard Sharp served as co-lead counsel in this class action, brought on behalf of individuals who bought financial plans and invested in mutual funds from American Express Financial Advisors. The case alleged that American Express steered its clients into underperforming "shelf space funds" to reap kickbacks and other financial benefits. On July 13, 2007, the Court granted final approval to a cash settlement of $100 million in addition to other relief.

*Scheiner v. i2 Technologies, Inc., et al.*, No. 3:01-CV-418-H (N.D. Tex.). Girard Sharp represented lead plaintiff, the Kansas Public Employees Retirement System, and served as co-lead counsel on behalf of investors in i2 Technologies. The Honorable Barefoot Sanders approved cash settlements for

$88 million from the company, its officers and its former auditor, Arthur Andersen LLP. As part of the settlement, i2 agreed to institute significant corporate governance reforms.

*In re Peregrine Financial Group Customer Litigation*, No. 415546 (Cal. Super. Ct. S.F. County). Girard Sharp served as co-lead counsel for futures and commodities investors who alleged they lost millions of dollars in the collapse of Peregrine Financial Group, Inc. The case resulted in settlements with JPMorgan Chase & Co. and U.S. Bank N.A., totaling approximately $60 million.

*CalSTRS v. Qwest Communications, et al.*, No. 415546 (Cal. Super. Ct. S.F. County). Girard Sharp represented the California State Teachers Retirement System in this opt-out securities fraud case against Qwest Communications, Inc. and certain of its officers and directors, as well as its outside auditor Arthur Andersen. The case resulted in a precedent-setting $45 million settlement for California school teachers.

*In re SLM Corp. Securities Litigation*, No. 08-Civ-1029-WHP. Girard Sharp served as lead counsel representing investors of SLM Corporation in litigation alleging that Sallie Mae, the leading provider of student loans in the U.S., misled the public about its financial performance in order to inflate the company's stock price. After achieving nationwide class certification, Girard Sharp negotiated a settlement that established a $35 million fund to resolve investors' claims.

*In re Winstar Communications Securities Litigation*, No. 01 Civ. 11522 (S.D.N.Y) Girard Sharp represented Allianz of America, Inc., Fireman's Fund and other large private institutional investors against Grant Thornton and other defendants arising out of plaintiffs' investments in Winstar Communications, Inc. The firm achieved a settlement on the eve of trial that provided a recovery rate more than 30 times higher than what class members received in a related class action. The recovery (after attorney fees) returned a remarkable 78.5% of the losses plaintiffs may have recovered at trial.

*In re Total Renal Care Securities Litigation*, No. 99-01750 (C.D. Cal.). This securities fraud action arose out of restatement of earnings by a healthcare provider, brought under the PSLRA by the Louisiana Teachers' Retirement System and the Louisiana School Employees' Retirement System. The case settled for $25 million and issuer's commitment to adopt comprehensive corporate governance reforms. Girard Sharp served as liaison counsel.

*In re Oxford Tax Exempt Fund Securities Litigation*, No. WMN-95-3643 (D. Md.). Girard Sharp served as co-lead counsel in this class and derivative litigation brought on behalf of a real estate limited partnership with assets of over $200 million. Settlement providing for exempt issuance of securities under section 3(a)(10) of Securities Act of 1933, public listing of units, and additional settlement benefits valued at over $10 million approved January 31, 1997.

*Calliott v. HFS, Inc.*, No. 3:97-CV-0924-L (N.D. Tex.). Girard Sharp intervened on behalf of an institutional client in this securities class action arising out of bankruptcy of Amre, Inc., a seller of home remodeling and repair services. Girard Sharp was designated lead plaintiff's counsel under the Private Securities Litigation Reform Act. Settlements for $7.3 million were approved August 1999 and December 2000.

*In re Towers Financial Corporation Noteholders Litigation*, MDL No. 994 (S.D.N.Y.). This class action was brought against promoters and professionals associated with a failed investment scheme described by the SEC as the then "largest Ponzi scheme in U.S. history." The case resulted in $6 million in partial settlements, and a $250 million judgment entered against four senior Towers executives. Girard Sharp served as liaison counsel and as a plaintiffs' executive committee member. *See In re Towers Financial Corporation Noteholders Litigation*, 177 F.R.D. 167 (S.D.N.Y. 1997) ("class counsel—particularly Plaintiffs' Liaison counsel, Daniel Girard—has represented the plaintiffs diligently and ably in the several years that this litigation has been before me").

## Mass Tort

*In re Actos (Pioglitazone-Products Liability Litigation*, MDL No. 11-md-2299 (W.D. La.). Girard Sharp lawyers were among those court-appointed to the Plaintiffs Steering Committee and also served on the Daubert and Legal Briefing Committees, in litigation that resulted in a $2.37 billion settlement.

*In re Yasmin and Yaz (Drospirenone) Marketing, Sales, Practices and Products Liability Litigation*, MDL No. 2385, No. 3:09-md-02100-DRH-CJP (S.D. Ill.). The firm's lawyers were appointed to the Plaintiffs Steering Committee and served as Co-Chair of the Plaintiffs' Law and Briefing Committee, in litigation ultimately resulting in settlements worth approximately $1.6 billion.

*In re Pradaxa (Dabigatran Etexilate) Products Liability Litigation*, MDL No. 2385, No. 3:12-md-02385-DRH-SCW (S.D. Ill.), Girard Sharp lawyers were appointed by the court to the Plaintiffs Steering Committee in mass tort litigation that resulted in settlements worth approximately $650 million.

## Employment

*Mitchell v. Acosta Sales, LLC*, No. 11-1796 (C.D. Cal. 2011). Girard Sharp and co-counsel served as class counsel representing Acosta employees who alleged that they were required to work off- the-clock and were not reimbursed for required employment expenses. Girard Sharp helped negotiate a $9.9 million settlement for merchandiser employees who were not paid for all the hours they worked. The Court granted final approval of the settlement in September 2013.

*Rubaker v. Spansion, LLC*, No. 09-842 (N.D. Cal. 2009). Girard Sharp and co-counsel filed a class action lawsuit on behalf of former Spansion employees that alleged that the company had failed to provide terminated employees from California and Texas with advance notice of the layoff, as required by the Workers Adjustment and Retraining Notification Act (WARN Act). The bankruptcy court approved the class action settlement negotiated by Girard Sharp and co-counsel in 2010. The settlement was valued at $8.6 million and resulted in cash payments to the former employees.

## Antitrust

*In re TFT-LCD (Flat Panel) Antitrust Litigation*, MDL 1827 (N.D. Cal.). The firm served served as liaison counsel in this landmark multidistrict antitrust litigation against numerous TFT-LCD (Flat Panel) manufacturers alleging a conspiracy to fix prices, which achieved settlements of more than $400 million.

*In re Lidoderm Antitrust Litigation,* No. 14-md-02521 (N.D. Cal.). Girard Sharp lawyers were appointed co-lead counsel in a class action on behalf of end-purchasers of the prescription drug Lidoderm who alleged that two drug companies, Endo Pharmaceuticals and Teikoku Pharma, unlawfully paid a third, Watson Pharmaceuticals, to delay the launch of less expensive generic Lidocaine patches. Our lawyers achieved a $104.75 million settlement on the eve of trial.

*In re Aggrenox Antitrust Litigation,* No. 14-md-2516 (D. Conn.). The firm served on the Executive Committee in pay-for-delay litigation accusing Teva Pharmaceuticals USA Inc. and Boehringer Ingelheim Pharmaceuticals Inc. of keeping generic Aggrenox off the market. The case settled for $54 million.

*In re Solodyn Antitrust Litigation,* No. 14-md-2503 (D. Mass.). The firm served on the Executive Committee in this generic suppression case alleging that Medicis Pharmaceuticals and a number of generic drug manufacturers conspired to monopolize the market for acne drug Solodyn. The case settled for more than $40 million.

*In re Natural Gas Antitrust Cases I, II, III and IV*, J.C.C.P. No. 4221 (Cal. Super. Ct. San Diego Cty). Girard Sharp served in a leadership capacity in this coordinated antitrust litigation against numerous natural gas companies for manipulating the California natural gas market, which has achieved settlements of nearly $160 million.

## Government Reform

*Paeste v. Government of Guam*, No. 11-cv-0008 (D. Guam). Girard Sharp and co-counsel served as Class Counsel in litigation alleging the Government of Guam had a longstanding practice of delaying tax refunds for years on end. After certifying a litigation class, Plaintiffs prevailed on both of their claims at the summary judgment stage, and obtained a permanent injunction reforming the government's administration of tax refunds.

*Ho v. San Francisco Unified School District*, No. C-94-2418-WHO (N.D. Cal.). This civil rights action was brought on behalf of a certified class of San Francisco public school students of Chinese descent to terminate racial and ethnic quotas imposed under 1983 desegregation consent decree. *See Ho v. San Francisco Unified Sch. Dist.*, 965 F. Supp. 1316 (N.D. Cal. 1997), *aff'd* 147 F.3d 854 (9th Cir. 1998); *see also* 143 Cong. Rec. S6097, 6099 (1997) (statement of United States Senator Hatch referring to testimony of class representative before Senate Judiciary Committee).