# Exhibit 1

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| MYESHA PRATHER, individually and on behalf of classes of similarly situated individuals,<br><br>     Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A.,<br><br>     Defendant. | Case No. 1:17-cv-00481<br><br>Hon. Manish S. Shah |

## DECLARATION OF THE MEDIATOR, HON. JAMES F. HOLDERMAN (RET.)

I, James F. Holderman, pursuant to 28 U.S.C. Section 1746, declare as follows:

1. I am a former United States District Judge for the Northern District of Illinois, serving from May 1, 1985 until my retirement on June 1, 2015. From July 1, 2006 through June 30, 2013, I was the Chief Judge for the Northern District of Illinois. I have personal knowledge of the facts set forth below.

2. While on the bench, I had extensive experience with class action lawsuits alleging violations of the Telephone Consumer Protection Act or "TCPA." These cases include the following: *Tang v. Medical Recovery Specialist, LLC*, No. 11-2109, 2011 U.S. Dist. LEXIS 158496, in which I denied a motion to dismiss a TCPA class action; *Brodsky v. HumanaDental Ins. Co.*, No. 10 C 3233, 2011 U.S. Dist. LEXIS 12121, at *29 (N.D. Ill. Feb. 8, 2011) in which I denied a motion to dismiss a TCPA class action and later denied the defendant's summary judgment motion, to permit the plaintiff further discovery, *see* 2012 U.S. District LEXIS 170161 at *3, n.1; *Wilkins v. HSBC Bank Nev., N.A.* No. 14 C 190, 2015 U.S. District LEXIS 23869, in which I granted approval of a TCPA class action settlement; and, *Amadeck v. Capital One Fin.*

*Corp.* (*In re: Capital One Tel. Consumer Prot. Act Litig.*), 80 F. Supp. 3d 781, in which I also granted approval of a TCPA class action settlement.

3. In 2014, the Judicial Council on Multidistrict Litigation appointed me to preside over an MDL proceeding that included 68 TCPA class actions and individual cases against Capital One. *In re Capital One Tel. Consumer Prot. Act (TCPA) Litig.*, MDL No. 2416. In connection with that MDL, I organized and managed a multitude of competing TCPA class action lawsuits in which different plaintiffs' firms sought recovery for the same or very similar claims against the defendant.

4. Since I retired in 2015, I have been a neutral with JAMS in its Chicago office. Over the course of more than 3 years at JAMS, I have mediated numerous TCPA class actions to settlement.

5. I was retained as the mediator in the case of *Myesha Prather v. Wells Fargo Bank, N.A.* (N.D. Ill. Case No. 1:17-cv-00481). That mediation was conducted on December 20, 2018 in JAMS office in Chicago. Wells Fargo was represented by Severson & Werson, a San Francisco law firm with which I have had no prior experience. Plaintiff and the putative class were represented by McGuire Law, a Chicago based plaintiffs' consumer class action firm. I am familiar with McGuire Law and have previously mediated other cases in which plaintiffs were represented by that firm. Attorneys from McGuire Law also appeared before me in various consumer class actions while I was on the bench. In my experience, McGuire Law is a skilled, exceptionally competent, and ethical plaintiffs' firm. With respect to TCPA class actions in particular, my experience is that McGuire Law is very experienced and knowledgeable about these claims, and that firm has successfully litigated and mediated TCPA cases before me.

2

6. The parties to the *Prather* mediation signed a confidentiality agreement that prevents the disclosure of the confidential information that was exchanged in connection with the December 20 mediation. However, without violating that confidentiality agreement and with the consent of all who participated in this mediation, I can provide the following information about the December 20 mediation. The mediation lasted the entire day. Counsel for both sides were well prepared and thoroughly knowledgeable concerning the claims at issue in the litigation. While counsel and the parties conducted themselves professionally at all times, the mediation was adversarial and the parties had various disagreements concerning the factual and legal issues relevant to the case. Based upon my observations and experience, the settlement negotiations were conducted at arm's length and, at various points during the mediation, it appeared that the negotiations would conclude without a settlement being reached.

7. I was aware, during the mediation, that Wells Fargo was involved in other litigation concerning alleged violations of the TCPA, beyond the *Prather* case. I understood that a primary goal of Wells Fargo was to resolve the TCPA litigation pending against it without incurring further burden, expense and litigation risk.

8. In conducting the December 20 mediation, I was also aware of the amounts of settlements that have been reached in similar class action lawsuits brought under the TCPA, including settlements that have received court approval, both in the Northern District of Illinois, and by other courts.

9. At no time during the mediation (or after) did I come to the conclusion that plaintiff and/or McGuire Law were insufficiently prepared for the mediation, or that they were negotiating from a position of weakness, or that they lacked the resolve or resources to continue to prosecute the *Prather* lawsuit if a settlement could not be reached.

10. I will not express my opinion on the fairness of the settlement reached, as I believe that to be a matter that determination is within the province of the District Judge assigned to the *Prather* case. However, I can confidently express my view that the mediation process was robust and adversarial, and that the settlement reached was the product of skilled and ethical attorneys zealously advocating for the interests of their respective clients, including, in the case of McGuire Law, both the plaintiff and class members.

I declare pursuant to 28 U.S.C. Section 1746 and under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and was executed this 12th day of March, 2019, at Chicago, Illinois.

_____
Hon. James F. Holderman (Ret.)