**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| JOSEPH DUNN, HELEN IEHL, ALBERT PIETERSON, JOHN HASTINGS, WINDIE BISHOP, LISA BARNES, ANGELA GARR, and MYESHA PRATHER individually and on behalf of a class of similarly situated individuals, ) ) ) ) ) ) ) *Plaintiffs*, ) ) v. ) ) WELLS FARGO BANK, N.A., ) ) *Defendant*. ) | No. 17-cv-00481<br><br>Hon. Manish S. Shah |

**ORDER GRANTING FINAL APPROVAL OF
CLASS ACTION SETTLEMENT**

WHEREAS, on July 10, 2019, this Court entered an Order Granting Preliminary Approval of Proposed Settlement Agreement (the "Preliminary Approval Order"), preliminarily approving the proposed Settlement of the Action pursuant to the terms of the Settlement Agreement and directing that notice be given to the members of the Settlement Class;

WHEREAS, pursuant to the Parties' plan for providing notice to the Settlement Classes (the "Notice Plan"), the Settlement Class was notified of the terms of the proposed Settlement and of a Final Approval Hearing to determine, *inter alia*, whether the terms and conditions of the Settlement Agreement are fair, reasonable, and adequate for the release and dismissal of the Released Claims against the Released Parties; and

WHEREAS, a Final Approval Hearing was held on December 10, 2019. Prior to the Final Approval Hearing, proof of completion of the Notice Plan was filed with the Court, along with declarations of compliance. Settlement Class Members were therefore notified of the terms of the proposed Settlement and their right to appear at the hearing in support of or in opposition to the proposed Settlement;

- 2 -

NOW, THEREFORE, the Court, having heard the oral presentations made at the Final Approval Hearing, having reviewed all of the submissions presented with respect to the proposed Settlement, having determined that the Settlement is fair, adequate, and reasonable, and having reviewed the materials in connection therewith, it is hereby

ORDERED, ADJUDGED AND DECREED THAT:

1. The capitalized terms used in this Order shall have the same meaning as defined in the Settlement Agreement except as may otherwise be ordered.

2. The Court has jurisdiction over the subject matter of this case, all claims raised therein, and all Parties thereto, including the members of the Settlement Class.

3. The Court finds, solely for purposes of considering this Settlement, that the requirements of Federal Rule of Civil Procedure 23 are satisfied, including requirements for the existence of numerosity, commonality, typicality, adequacy of representation, manageability of the Settlement Class for settlement purposes, that common issues of law and fact predominate over individual issues, and that Settlement and certification of the Settlement Class is superior to alternative means of resolving the claims and disputes at issue in this case.

4. The Settlement Class, which will be bound by this Final Approval Order, shall include all members of the Settlement Class who did not submit a timely and valid Request for Exclusion. The members of the Settlement Class who have timely requested exclusion are identified in <u>Exhibit A</u> hereto.

5. Plaintiffs Joseph Dunn, Helen Iehl, Albert Pieterson, John Hastings, Windie Bishop, Lisa Barnes, Angela Garr, and Myesha Prather (collectively, "Plaintiffs") shall serve as Class Representatives of the Settlement Class.

6. The Court appoints the following counsel as Class Counsel on behalf of Plaintiffs and the Settlement Class: Myles McGuire, Evan M. Meyers and Eugene Y. Turin of McGuire Law, P.C.; Jonathan D. Selbin and Daniel M. Hutchinson of Lieff Cabraser Heimann & Bernstein, LLP; and Daniel C. Girard and Angelica M. Ornelas of Girard Sharp LLP.

7. For purposes of the Settlement and this Final Approval Order, the Settlement Class is defined as:

> All persons
> a. who were users or subscribers to a wireless or cellular telephone service within the United States to which Wells Fargo made or initiated any Call in connection with the collection or servicing of a mortgage or home equity loan, credit card account, retail installment sale contract for an automobile, automobile loan, overdraft on a deposit account, student loan, or in connection with a fraud alert on a credit card or deposit account, using any automated dialing technology or artificial or prerecorded voice technology;
> b. who were not customers of Wells Fargo at the time of the Call; and,
> c. who were Called between January 20, 2013 and the entry of the Preliminary Approval Order for Calls placed in connection with automobile loans or fraud alerts on credit cards or deposit accounts; between September 18, 2014 and the entry of the Preliminary Approval Order for Calls placed in connection with credit card accounts; between December 20, 2015 and the entry of the Preliminary Approval Order for Calls placed in connection with student loans or overdrafts on deposit accounts; between March 1, 2016 and the entry of the Preliminary Approval Order for Calls placed in connection with mortgages or home equity loans; or between April 1, 2016 and the entry of the Preliminary Approval Order for Calls placed in connection with retail installment sale contracts for automobiles.
> d. Excluded from the Settlement Class are all persons who elect to exclude themselves from the Settlement Class, the Defendant, any affiliate or subsidiary of Defendant, any entities in which such companies have a controlling interest, the Court and staff to whom this case is assigned, and any member of the Court's or staff's immediate family.

8. The Court finds that the Notice Plan set forth in Section VIII of the Settlement Agreement and effectuated pursuant to the Preliminary Approval Order constitutes the best notice practicable under the circumstances and shall constitute due and sufficient notice to the Settlement Class of the pendency of this case, certification of the Settlement Class for settlement purposes only, the terms of the Settlement Agreement, and the Final Approval Hearing, and satisfies the

requirements of the Federal Rules of Civil Procedure, the United States Constitution, and any other applicable law.

9. The Court finds that the Settlement, as set forth in the Settlement Agreement and this Order satisfies each of the requirements of Fed. R. Civ. P. 23(e)(2) and is in all respects fair, reasonable, adequate and in the best interests of the Settlement Class, taking into account the risks that both sides faced with respect to the merits of the claims alleged and remedies requested, the risks of maintaining a class action, and the expense and duration of further litigation. The Court further finds that the Class Representatives and Class Counsel have at all times adequately represented the Class and the settlement negotiations that resulted in the Settlement were at all times conducted at arm's length. The Court also finds that Class Counsel have identified all required agreements related to the Settlement and that, because the Settlement provides an equal pro rata distribution of the Settlement funds, the Settlement treats all Class Members equitable to one another. For these reasons the Court grants final approval of the Settlement. The Parties shall effectuate the Settlement Agreement according to its terms. The Settlement Agreement and every term and provision thereof shall be deemed incorporated herein as if explicitly set forth and shall have the full force of an Order of this Court.

10. Upon the Effective Date, the Releasors shall have, by operation of this Final Approval Order, fully, finally and forever released, relinquished, and discharged the Released Parties from all Released Claims pursuant to Section VI of the Settlement Agreement.

11. Releasors are hereby permanently barred and enjoined from instituting, commencing or prosecuting, either directly or in any other capacity, any Released Claim against any of the Released Parties.

12. This Final Approval Order, the Final Judgment, the Settlement Agreement, the Settlement which it reflects, and any and all acts, statements, documents or proceedings relating to the Settlement are not, and shall not be construed as or used as an admission by or against Wells Fargo or any other Released Party of any fault, wrongdoing, or liability on their part, or of the validity of any Released Claim or of the existence or amount of damages.

13. The claims of the Plaintiff Class Representatives and all members of the Settlement Class in this case are hereby dismissed in their entirety with prejudice. Except as otherwise provided in this Order and/or in this Court's Order Awarding Attorneys' Fees and Expenses in this case, entered in response to Class Counsel's motion therefor brought in connection with the Settlement, the Parties shall bear their own costs and attorneys' fees. The Court reserves jurisdiction over the implementation of the Settlement, including enforcement and administration of the Settlement Agreement, including any releases in connection therewith and any other matters related or ancillary to the foregoing.

14. Having reviewed the Motion for Attorneys' Fees, Expenses and Incentive Awards, the Court approves payment of attorneys' fees in the amount of $5,875,475.00, plus reimbursement of costs and expenses in the amount of $291,785.63. These amounts shall be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement. The Court, having considered the materials submitted by Class Counsel in support of their Motion for Final Approval and Motion for Approval of Attorneys' Fees, Expenses, and Incentive Awards, finds the award of attorneys' fees, costs and expenses appropriate and reasonable for the following reasons: First, the Court finds that the Settlement provides substantial benefits to the Settlement Class. Second, the Court finds the payment fair and reasonable in light of the substantial work performed by Class Counsel. Third, the Court concludes that the Settlement was negotiated at arms-length without

collusion, and that the negotiation of the attorneys' fees only followed agreement on the settlement benefit for the Settlement Class Members. Finally, the Court notes that the Class Notice specifically and clearly advised the Settlement Class that Class Counsel would seek an award up to an amount greater than the amount sought.

15. The Court approves Incentive Awards for the Class Representatives in the following amounts: $15,000.00 for Myesha Prather; $15,000.00 for Albert Pieterson; $15,000.00 for John Hastings; $5,000.00 for Joseph Dunn; $5,000.00 for Helen Iehl; $5,000.00 for Windie Bishop; $5,000.00 for Lisa Barnes; and $5,000.00 for Angela Garr. The Court specifically finds such amounts to be reasonable in light of the services performed by the Class Representatives for the Settlement Class, including taking on the risks of litigation, helping achieve the compensation being made available to the Settlement Class, and for Plaintiffs Prather, Pieterson and Hastings, providing discovery and sitting for depositions. This amount shall be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement.

16. Having reviewed the Objection filed by Mr. Adam L. Hoipkemier, as well as the Motion for Final Approval filed by the Class Representatives and Wells Fargo's Joinder, and having heard presentation of oral argument by counsel for Mr. Hoipkemier, Wells Fargo, and Class Counsel, the Court finds that Mr. Hoipkemier is not a Class Member who received any phone calls that were at issue in this Settlement and Mr. Hoipkemier's rights and legal remedies are not in any way impacted by this Settlement. He is not aggrieved by the Settlement. The Court further overrules Hoipkemier's Objection on the merits: Class Counsel have at all times adequately represented the Class and conducted extensive discovery both before negotiating the Settlement approved by the Court, and through extensive confirmatory discovery, such that they were at all times able to properly evaluate the value of the Settlement and act in the best interests of the Class;

Class Counsel's requested fee award is fair and warranted given the results achieved for the Settlement Class, the risks undertaken by Class Counsel in litigating this action, and the efforts undertaken by Class Counsel in reaching this Settlement; and the requested Incentive Awards are warranted and commensurate with the amount of incentive awards typically awarded in class actions brought in this District.

17. The Court finds that Wells Fargo provided Class Action Fairness Act notice to the appropriate state and federal officials pursuant to 28 U.S.C. § 1715 on July 10, 2019, which was within ten days of the filing of the Preliminary Approval Motion, Dkt. 80.

18. The Court finds that no reason exists for delay in entering this Final Order. Accordingly, the Clerk is directed to enter this Final Order and the accompanying Final Judgment.

19. The Parties, without further approval from the Court, are hereby permitted to agree to and adopt such amendments, modifications and expansions of the Settlement Agreement and its implementing documents (including all exhibits to the Settlement Agreement) so long as they are consistent in all material respects with the Final Order and Final Judgment and do not limit the rights of the Settlement Class Members.

20. Without affecting the finality of this Final Order or the Final Judgment for purposes of appeal, the Court retains jurisdiction as to all matters related to the administration, consummation, enforcement, and interpretation of the Settlement Agreement and this Final Order and accompanying Final Judgment, and for any other necessary purpose.

**IT IS SO ORDERED.**

Dated: December 10, 2019

_____
Hon. Manish S. Shah
U.S. District Judge